IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

MICHAEL WAYNE SUMMERS, )
)
        Plaintiff, )
)
vs. ) No. 03-4278-CV-C-SOW
)
DAVE DORMIRE, )
)
        Defendant. )

## ORDER

Before the Court are petitioner Michael Wayne Summers's First Amended Petition for Writ of Habeas Corpus (Doc. #5), respondent's Response, and petitioner's Traverse. For the reasons stated below, petitioner's First Amended Petition for Writ of Habeas Corpus is denied.

### I. Background

Petitioner Michael Wayne Summers was charged in the Circuit Court of Scott County, Missouri, as a prior offender, with one count of attempting to manufacture a controlled substance in violation of Mo. Rev. Stat. Section 564.011 and one count of felony murder in the second degree in violation of Mo. Rev. Stat. Section 565.021. After a trial by jury, petitioner Summers was convicted on both counts.

The trial court sentenced petitioner Summers as a persistent misdemeanor offender. Petitioner was sentenced to seven years on the count of attempting to manufacture a controlled substance and to life imprisonment on the count of felony murder in the second degree. The sentences were ordered to run concurrently.

Petitioner Summers filed a direct appeal in the Missouri Court of Appeals for the Southern District of Missouri. Petitioner's direct appeal was denied on May 31, 2001. Petitioner

also sought post-conviction relief under Missouri Rule 29.15. Petitioner's motion for relief under 29.15 was denied by the trial court. His subsequent appeal to the Missouri Court of Appeals for the Southern District of Missouri was denied on January 9, 2003.

Thereafter, petitioner filed two State habeas corpus petitions in the Circuit Court of Cole County, Missouri. These petitions were denied on July 17, 2003 and November 4, 2003, respectively. The Missouri Court of Appeals for the Western District of Missouri denied relief on June 3, 2004. The Supreme Court of Missouri denied relief on August 24, 2004.

## II. Jurisdiction and Standard of Review

This Court has jurisdiction over this case pursuant to 28 U.S.C. Section 2254.

The review of petitioner Summers's claims is governed by 28 U.S.C. Section 2254(d) which states in relevant part:

> (d) An application for writ of habeas corpus on behalf of a person in state custody pursuant to the Judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits on the state court proceeding unless the adjudication of the claim - -
>
> (1) Resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

## III. Discussion

A. Petitioner's Claim That He Was Unlawfully Sentenced as a Persistent Misdemeanor Offender (Point I)

Petitioner Summers claims that the trial court erred in allowing the State to file a Third

2

Information and in finding and sentencing him as a persistent misdemeanor offender. Petitioner Summers argues that he did not have the requisite number of prior misdemeanors required by Mo. Rev. Stat. Section 558.016. Petitioner contends that the Circuit Court of Dunklin County, Missouri did not have the jurisdiction to delete a prior order setting aside his guilty plea.

The Missouri Court of Appeals for the Southern District of Missouri recognized that Section 558.021.2 provides that in a jury trial, a defendant's status as a prior, persistent, or dangerous offender shall be pleaded, established, and found prior to the submission of the case to the jury; however, a procedural error in a prior offender hearing does not warrant reversal unless the defendant can demonstrate prejudice. Sections 557.036.2(2) and 557.036.4(1), Mo. Rev. Stat., authorize a trial court to impose sentence pursuant to 558.016 if the state pleads and proves the defendant found guilty of the offense charged to be a persistent misdemeanor offender. The Missouri Court of Appeals for the Southern District of Missouri, in addressing petitioner Summer's claim, found that if violations of the more specific procedural requirement for the pleading and proving of prior and persistent offender status require a showing of prejudice, and if that prejudice is not shown where the defendant does, in fact, fit into one of those categories, even if the pleading or proof came after trial, then a different result would not occur under Section 557.036. The Missouri Court of Appeals for the Southern District of Missouri concluded that petitioner Summers was not entitled to have his convictions reversed and the case remanded on this basis. Petitioner has not shown that this action violated his federal constitutional rights.

Next, petitioner Summers challenges the State's reliance on a guilty plea that had been set aside in the Circuit Court of Dunklin County, Missouri. The State relied on said guilty plea to establish that petitioner is a persistent misdemeanor offender. The Missouri Court of Appeals for

3

the Southern District of Missouri held that the order purporting to set aside petitioner Summers's guilty plea was void because the court lacked jurisdiction over petitioner at that time. Therefore, the guilty plea remained and could be a basis for finding that petitioner Summers is a persistent misdemeanor offender. The Missouri Court of Appeals for the Southern District of Missouri's determination of this issue of state law is binding on this Court. *See* Estelle v. McGuire, 502 U.S. 62 (1991).

Finally, petitioner Summers claims that his rights were violated under Blakely v. Washington, 124 S.Ct. 2531 (2004). Petitioner did not raise this claim in the state courts. Therefore, it is procedurally defaulted. In addition, Blakely does not apply retroactively. Schardt v. Payne, 414 F.3d 1025, 1027 (9th Cir. 2005).

Accordingly, petitioner's first point is denied.

B.  Petitioner's Claim That He Was Erroneously Found to be a Prior Offender At Trial (Point II)

Petitioner claims that he was deprived of his rights to counsel and to testify because he was erroneously found to be a prior offender at the outset of the trial. Petitioner argues that this finding affected his decision not to testify in his own defense.

Petitioner Summers failed to raise this claim in his motion for a new trial or in his direct appeal to the Missouri Court of Appeals for the Southern District of Missouri. Petitioner's failure to present this claim to the Missouri courts constitutes a procedural default that gives rise to an adequate and independent procedural bar to review. Murray v. Carrier, 477 U.S. 478 (1986). In order for this Court to review petitioner Summers's claim, he must demonstrate good cause and actual prejudice under Murray. Id. Petitioner cannot show either.

Even though the Arkansas conviction occurred after the murder charged in this case, the conviction could have been used to impeach petitioner Summers if he had elected to testify at his trial. Section 491.050, Mo. Rev. Stat. Therefore, there is no basis for concluding that petitioner was prejudiced by the trial court's finding that he was a prior offender at the outset of the trial. Petitioner's claim is denied.

C.  Petitioner's Claim That He Received Ineffective Assistance of Counsel Based Upon His Attorney's Failure to Object When the Trial Court Found Petitioner to be a Prior Offender (Point III)

Petitioner claims that the State motion court and the Missouri Court of Appeals for the Western District of Missouri erred in denying his post-conviction claim that he received ineffective assistance of counsel when his trial counsel failed to object to the trial court's finding that petitioner was a prior felony offender. Petitioner claims that if his trial counsel had made such an objection, the sentencing decision would have remained with the jury.

In order to establish a claim of ineffective assistance of counsel, a defendant must show that trial counsel's performance was deficient and the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). To demonstrate prejudice under Strickland, the defendant "must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Id., 466 U.S. at 694.

It is undisputed that after petitioner's trial, but prior to sentencing, the parties realized that petitioner's Arkansas conviction could not be used to charge him as a prior felony offender because the conviction occurred after the date of the commission of his charged offense. At sentencing, the trial court struck its previous finding that petitioner Summers was a prior felony

5

offender, at the request of the prosecutor. The prosecutor was then permitted to file a third amended information, over the objection of petitioner's counsel, charging petitioner as a persistent misdemeanor offender under Section 558.016, Mo. Rev. Stat. Petitioner argues that if his trial counsel had objected to the prior felony offender finding, he would have been sentenced by the jury rather than by the judge.

This claim is without merit. As found by the Rule 29.15 trial court, petitioner has failed to establish that he was prejudiced as a result of his counsel's failure to object. There is no basis for finding that the outcome of the proceeding would have been different if petitioner's trial counsel had objected to this finding because there was overwhelming evidence of petitioner's guilt of the charged offenses. There is no evidence suggesting that a jury would have sentenced petitioner Summers any differently than the trial court. Furthermore, the Rule 29.15 trial court noted that Missouri courts have long held that an accused has no constitutional right to have a jury on the issue of punishment. The Rule 29.15 trial court's finding was affirmed on appeal based upon petitioner's failure to show prejudice.

These determinations are reasonable ones that are entitled to deference under 28 U.S.C. §2254(d). Petitioner's third point is denied.

D. <u>Petitioner's Claim That the State Court of Appeals Erred in Determining That a State Circuit Court Lacked Jurisdiction to Set Aside Petitioner's Guilty Plea (Point IV)</u>

Petitioner argues that the Missouri Court of Appeals erred in determining that the Circuit Court of Dunklin County, Missouri did not have jurisdiction to set aside his misdemeanor guilty plea. This Court does not find that the Missouri Court of Appeals erred or that petitioner's due process rights were violated in the process. Point IV is denied.

6

Case 2:03-cv-04278-SOW   Document 31   Filed 09/21/05   Page 6 of 9

E. <u>Petitioner's Claim That the State and the Trial Court Violated the Specific Terms of His Plea Agreement in the Circuit Court of Dunklin County, Missouri Misdemeanor Case (Point V)</u>

Petitioner contends that "the court" breached his plea agreement when it reinstated the guilty plea in his Dunklin County, Missouri misdemeanor case. Petitioner claims that under the terms of his plea agreement, the guilty plea was to be set aside if he successfully completed one year of unsupervised probation. Petitioner relies on the December 23, 1992 Order setting aside his guilty plea and dismissing the case in support of his claim that the guilty plea should be set aside.

Petitioner Summers does not fulfill the "in custody" requirement to assert this claim. Therefore, he does not invoke this Court's habeas jurisdiction with respect to the Dunklin County misdemeanor conviction.

Furthermore, no court "reinstated" his guilty plea in Dunklin County, Missouri. Instead, the Missouri Court of Appeals held that the Circuit Court of Dunklin County, Missouri lacked the jurisdiction to set aside the guilty plea. The Court finds that the Missouri Court of Appeals's determination of this issue of state law is entitled to deference. Point V is denied.

F. <u>Petitioner's Claim That the State Knowingly or Negligently Utilized the False or Perjured Testimony of Heath Lowe (Point VI)</u>

Petitioner Summers asserts that the State knowingly or negligently used the false or perjured testimony of Heath Lowe to obtain a conviction in this case. Petitioner Summers did not present this claim in his motion for a new trial, in his direct appeal, or in his post-conviction litigation. In order for federal court review of this claim to occur, petitioner must demonstrate good cause and actual prejudice under <u>Murray v. Carrier</u>, *supra*.

7

First, the information about which petitioner complains is actually inculpatory. As a result, petitioner cannot show actual prejudice.

Next, petitioner claims that two informants, Bailey and Blankenship, contacted the State and informed the State that Heath Lowe had admitted that he was cooking the drugs at the time a fire broke out in the trailer. Petitioner argues that this information was never disclosed to him. In fact, Bailey's information had petitioner Summers throwing "some of the chemical thay had been using on the old man." Blankenship's information had petitioner and Heath Lowe cooking meth together when the fire broke out. Neither of these informant's gave information that exonerated petitioner Summers.

There is no basis for petitioner's allegation that the State knew Lowe was giving false or perjured testimony.

Accordingly, Point VI is denied.

G. <u>Petitioner's Claim That the Trial Court Erred in Refusing to Suppress a Glass Containing Ephedrine, a Propane Tank, and a Glass Jar Containing Marijuana (Point VII)</u>

Petitioner contends that the trial court erred in refusing to suppress a glass containing ephedrine, a propane tank, and a glass jar containing marijuana because they were the products of a warrantless search of petitioner's property.

Petitioner Summers did not present this claim to the trial court in his motion for a new trial nor did he present the claim on direct appeal. Petitioner also failed to raise this claim in his post-conviction motion. Therefore, petitioner has procedurally defaulted this claim. Point VII is denied.

H. <u>Petitioner's Claim That the Trial Court Erred in Allowing the State to Produce a Glass Containing Ephedrine, a Propane Tank, and a Glass Jar Containing Marijuana (Point VIII)</u>

Petitioner claims that the trial court erred in allowing the State to introduce into evidence a glass containing ephedrine, a propane tank, and a glass jar containing marijuana because they were never linked to him, having been found 150 feet away from his home.

Again, petitioner Summers did not present this claim to the trial court in his motion for a new trial nor did he present the claim on direct appeal. Petitioner also failed to raise this claim in his post-conviction motion. Therefore, petitioner has procedurally defaulted this claim. Point VIII is denied.

IV. <u>Conclusion</u>

For the reasons stated above, it is hereby

ORDERED that petitioner Michael Wayne Summers's First Amended Petition for Writ of Habeas Corpus (Doc. #5) is denied. It is further

ORDERED that the Clerk of the Court shall enter final judgment at this time.

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: <u>9-21-05</u>